UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JASON C. MOULTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil No. 05-151-B-W |
| v. | ) |
| | ) |
| MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Jason Moulton brought this complaint pursuant to 42 U.S.C. § 1983 alleging that while he was an inmate at the Special Management Unit of the Maine State Prison he was subjected to cruel and unusual punishment because he was forced to sleep on a cold concrete slab without a mattress for a number of consecutive days. In his complaint Moulton asks only for injunctive relief; he wants this court to order the prison and its officials "to stop forcing prisoners to sleep on concrete slabs as a form of punishment." The defendants collectively move for summary judgment, alleging that Moulton lacks standing to seek injunctive relief. I now recommend the court grant their motion. (Docket No. 15).

**Statement of Undisputed Facts**

There is only one material fact submitted by defendants: "The plaintiff has been transferred from the Maine State Prison to the Maine Correctional Center." (Defs.' SMF ¶ 1.) Moulton, without regard for the constraints of District of Maine Local Rule 56, not only does not deny this one material fact, but in his response to the motion he states as

follows: "This injunction is not so much for me. I am now at the Maine Correctional Center in Windham, Maine, but for the inmates currently being subjected to this type of abuse."

## Discussion

Past exposure to harm suffered by an individual will not, in and of itself, confer standing upon a litigant to obtain equitable relief "[a]bsent a sufficient likelihood that he will again be wronged in a similar way.'" American Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992) (quoting Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). In Knox v. McGinnis the Seventh Circuit, on facts remarkably similar to these, applied Lyons to hold that a prisoner lacked standing to seek prospective injunctive relief against prison officials in their official capacities in a 42 U.S.C. § 1983 action challenging the official's use of a "black box" restraining device while transporting segregation prisoners outside the segregation unit. 998 F.2d 1405 (7th Cir. 1993). Knox, who had been released from segregation and returned to the general prison population where he was no longer subject to the use of the black box, failed to make a reasonable showing that he would again be subject to the alleged illegality. Id. at 1413 (finding no case or controversy based only on the possibility the prisoner may again be transferred to the prison's segregation unit).

Because Moulton seeks only injunctive relief in his complaint and admits in his response that the relief he seeks is for others, not himself, I recommend that the court **GRANT** summary judgment to the defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions

entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

December 29, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge